IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.      No. CR 10-1761 JB

WILLIS YAZZIE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Letter from Willis J. Yazzie to the Court (dated May 2, 2011), filed May 2, 2011 (Doc. 43)("Letter"). The Court held a hearing on May 19, 2011. The primary issue is whether the Court should replace Defendant Willis Yazzie's current attorney, James Loonam, Assistant Federal Public Defender. The Court denies Yazzie's request without prejudice to his renewing his request at a future date, because it believes that having another attorney in Mr. Loonam's office consult with Yazzie and offer him a second opinion may resolve Yazzie's concerns.

**FACTUAL BACKGROUND**

According to the affidavit of FBI Special Agent Dustin Grant accompanying the Complaint, Yazzie is accused of sexually abusing two of his step daughters. The abuse is alleged to have occurred at his home in Two Grey Hills, New Mexico, where Yazzie lives with Margaret Harjo, the mother of the alleged victims. Yazzie and Harjo have four children who live with them, including the two alleged victims, in an eight-foot-by-eight-foot shack that has no running water or electricity.

They have been living in the shack since 2008. The children are thirteen-, ten-, eight-, and two-years of age, and the oldest two children are the alleged victims. The alleged victims stay in school dormitories during the week and return home on the weekends. The alleged sexual abuse occurred over a period of approximately two years when Yazzie's step daughters were home from boarding school on the weekends.

Allegedly, one of the victims told Harjo about Yazzie's sexual abuse, but Harjo told the victim it was the victim's fault for being "boy crazy." After Hargo's children were removed in April 2010, Yazzie allegedly confessed to Hargo that he had been abusing one of the victims for approximately two years. Yazzie also allegedly confessed to investigators that he touched both victims, including placing his penis on one girl's face on at least three separate occasions and inserting his finger into the other girl's vagina.

## PROCEDURAL BACKGROUND

On May 12, 2010, a Complaint was filed against Yazzie for committing multiple acts of aggravated sexual abuse on two minor children under the ages of twelve and sixteen years in violation of Title 18 U.S.C. §§ 2241(c) and 2246(2)(C), (D). See Doc. 1. On June 10, 2010, a grand jury indicted Yazzie on two counts of knowingly engaging in a sexual acts with the two alleged victims in violation of 18 U.S.C. §§ 1153, 2241(c) and 2246(2)(C), (D). On May 12, 2010, Mr. Loonam was appointed to represent Yazzie.

Yazzie, proceeding pro se, moves to dismiss Mr. Loonam as counsel. In his letter to the Court, Yazzie states that he would like a new attorney because he does not think Mr. Loonam "is helping [him] that much," and because Yazzie "wanted to go to trial but [Mr. Loonam] said [he]

would not win so [Yazzie] took the plea." Letter at 1. Yazzie prays that the Court dismiss Mr. Loonam and appoint other counsel to represent him.

At the May 19, 2011 hearing, the Court cautioned Yazzie that, when he sends letters to the Court, it must share the letters with Plaintiff United States of America, and his statements in the letters may be used against him if he were to go to trial. The United States asserted that it takes not position whether the Court should appoint Yazzie new counsel. Outside of the United States presence, the Court discussed Yazzie's request with him and Mr. Loonam. Mr. Loonam stated he would like to continue to represent Yazzie and that he does not believe that attorney-client communication has broken down. Mr. Loonam suggested having another attorney in his office -- perhaps Ms. Susan Dunleavy -- consult with Yazzie and offer him a second opinion on his case.

## RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010). To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication is not possible. See United States v. Stewart, 378 F. App'x at 777. The United States Court of Appeals for the Tenth Circuit has stated that, in assessing whether to grant a motion to substitute

counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown.  See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005). Courts balance these factors when determining whether to grant substitution of counsel.  See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that, although the first factor weighs in favor of granting the defendant's motion for substitute counsel, the remaining three factors weigh against granting his motion).

## ANALYSIS

The Court will deny Yazzie's request that it appoint new counsel without prejudice to him renewing the request at a later date, because the Court believes that having another attorney from Mr. Loonam's office consult with Yazzie on his case may resolve Yazzie's concerns.  Moreover, the Court finds that Yazzie has not shown that there is an irreconcilable conflict between himself and Mr. Loonam, or that there is a total lack of communication, precluding his adequate defense. Mr. Loonam appears to be working hard to advance Yazzie's interests, and Yazzie seems somewhat uncertain how he wishes to proceed.  To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d at 1302.  While the Court believes that it should not remove Mr. Loonam at this time and on this record, if Yazzie believes he is justified in renewing his request to remove Mr. Loonam after he

consults with another attorney from Mr. Loonam's office, he can approach the Court and renew his request for new counsel. On the present record, however, Mr. Loonam appears to be doing his best to represent Yazzie in a professional manner.

**IT IS ORDERED** that the requests in the Letter from Willis J. Yazzie to the Court that the Court replace his current counsel is denied without prejudice to him renewing his request for new counsel if he remains unhappy with Mr. James Loonam after consulting with another attorney from Mr. Loonam's office.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
  Assistant United States Attorney
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

James C. Loonam
  Assistant Federal Public Defender
Albuquerque, New Mexico

 *Attorney for the Defendant*