**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIS YAZZIE,

             Petitioner,

v.                                            CV 14-0894 JB/CG
                                            CR 10-1761 JB

UNITED STATES OF AMERICA,

             Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Willis Yazzie's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("Petition"), (CV Doc. 9), filed on February 10, 2015, and the *United States' Response to a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody* ("Response"), (CV Doc. 19), filed May 29, 2015.[1] United States District Judge James O. Browning referred this matter to this Court to make proposing findings and a recommended disposition. (CV Doc. 2). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITH PREJUDICE**.

I.      **Factual and Procedural Background**

Petitioner is incarcerated at the Federal Correctional Institute ("FCI") in Big Spring, Texas. (CV Doc. 9 at 1, 15). On February 9, 2011, pursuant to a *Plea Agreement*, (CR Doc. 38), Petitioner plead guilty to an *Information*, (CR Doc. 35),

---

[1] Documents referenced as "CV Doc. ___" are from case number 14-cv-0894-JB-CG. Documents referenced "CR Doc. ___" are from case number 10-cr-1761-JB-1.

charging him with aggravated sexual abuse.

Prior to entering his plea, Petitioner filed two motions seeking a new attorney on the grounds that trial counsel, Mr. James Loonam, would not file a motion to suppress, (CR Doc. 25), and that Petitioner could no longer work with counsel because he did not trust him. (CR Doc. 26). Those motions were denied by United States District Judge James O. Browning on December 17, 2010. (CR Doc. 30). Thereafter, Petitioner filed additional motions for new counsel, on the grounds that Petitioner could not work with Mr. Loonam, (CR Doc. 31), that Mr. Loonam had not explained the plea to him, and that he wanted more time with his son. (CR Doc. 32). However, in a letter dated January 26, 2011, Petitioner stated that he wished to retain Mr. Loonam. (CR Doc. 34). Petitioner subsequently pled guilty on February 9, 2011. (CR Doc. 38). Mr. Loonam was his attorney at that time.

On May 2, 2011, Petitioner, proceeding pro se, again filed a letter requesting new counsel. (CR Doc. 43). He also filed a *Motion to Dismiss with Prejudice* on May 25, 2011, (CR Doc. 47), and a *Motion to Suppress* on June 8, 2011. (CR Doc. 49).[2]  A hearing was held on May 19, 2011 regarding Petitioner's request for new counsel. During that hearing, Judge Browning denied Petitioner's request for new counsel but allowed a second attorney to consult with Petitioner and address his concerns. (*See* CR Doc. 48). Mr. Loonam then filed a *Motion for Hearing to Determine Counsel*, (CR Doc. 51), which Judge Browning heard on October 3, 2011. (CR Doc. 53). Mr. Loonam's Motion was granted based on a breakdown of communication between counsel and Petitioner, and the Court ordered the appointment of new counsel. (CR Doc. 54).

---

[2] The *Motion to Dismiss with Prejudice*, (CR Doc. 47), and *Motion to Suppress*, (CR Doc. 49), were later withdrawn by subsequent counsel. (*See* CR Doc. 77).

Subsequently, Petitioner filed two Motions to Withdraw Guilty Plea, (CR Docs. 59 & 64), which were denied by Judge Browning on June 4, 2013.[3] (Doc. 100). Judgment was entered on May 8, 2014, (CR Doc. 158), and, after a hearing, Judge Browning sentenced Petitioner to a 188-month period of incarceration. (CR Doc. 152 at 33). Petitioner then filed a Notice of Appeal of the District Court's denial of his motion to withdraw his guilty plea. (CR Doc. 140). The Tenth Circuit dismissed the appeal. *See United States v. Yazzie*, No. 14-2043, 572 Fed. Appx. 663, 664 (10th Cir. July 23, 2014) (unpublished).

Petitioner now brings this action pursuant to 28 U.S.C. § 2255, asking this court to permit him to withdraw his guilty plea because Mr. Loonam was constitutionally ineffective. (CV Doc. 9 at 4, 15). Respondent argues that Petitioner received effective assistance of counsel, and requests that the Court deny his Petition without a hearing.[4] (CV Doc. 19).

## II.  Legal Standard

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a petition under 28 U.S.C. § 2255(a).  To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v.*

---

[3] P. Jeffery Jones was appointed to represent Petitioner on October 7, 2011, and filed a *Motion to Withdraw Plea of Guilty*, (Doc. 59), on November 29, 2011. Petitioner filed a pro se *Motion to Withdraw Plea of Guilty*, (CR Doc. 64), on April 12, 2012.

[4] Petitioner also asserts that the Government did not file its Response to his Petition in a timely manner. (CV Doc. 20 at 1). Pursuant to the Court's *Order Granting Third Motion to Extend Deadline to Respond*, (CV Doc. 18), the Government was to respond to the Petition on or before May 29, 2015. On May 29, 2015, the Government filed its Response. (CV Doc. 19). Therefore, the Response was timely.

*Abrahamson*, 507 U.S. 619, 637-38 (1993)).  A court must hold an evidentiary hearing

on a § 2255 petition unless the motions, files, and records conclusively show that the

prisoner is not entitled to any relief.  28 U.S.C. § 2255(b).

### III.    Analysis

Petitioner alleges that he was denied effective assistance of counsel because Mr.

Loonam failed to file a motion to suppress Petitioner's incriminating statements. (CV

Doc. 9 at 4). As a result, Petitioner argues that he pled to a harsher offense than he

otherwise would have pled to, and received a harsher sentence. (*Id.*). Petitioner further

argues that Mr. Loonam provided ineffective assistance by allowing him to enter a plea

agreement in which Petitioner waived his rights to appeal. (*Id.*).

Respondent opposes the Petition and argues that it should be denied without a

hearing. (CV Doc. 19 at 1). Respondent contends that Mr. Loonam considered

suppression issues in this case, and found no meritorious arguments. (CV Doc. 19 at 5).

In addition, Respondent asserts that Petitioner already challenged the waiver of his right

to appeal in a direct appeal, which was dismissed by the Tenth Circuit. (CV Doc. 19 at

4-5).

### A.  Law Regarding Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Petitioner must satisfy a two-part

test.  First, Petitioner must show that counsel's performance was deficient because it fell

below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S.

668, 687-88 (1984). Second, Petitioner must show that counsel's deficient performance

prejudiced him. *Id.* at 687. To demonstrate that counsel was ineffective, Petitioner must

satisfy both prongs outlined in *Strickland*.  *See id.* at 687. Accordingly, the Court may

address each of these components in any order, and need not address both if Petitioner makes an insufficient showing on one. *United States v. Dowell*, No. 10-1084, 388 Fed. Appx. 781, 783 (10th Cir. July 21, 2010) (unpublished) (citing *Strickland*, 466 U.S. at 697).

In demonstrating that counsel's performance was deficient under the first prong of the *Strickland* test, "judicial scrutiny of counsel's performance must be highly deferential" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  The reasonableness of counsel's performance must be evaluated considering all the circumstances.  *Id.* at 688.

To establish prejudice under the *Strickland* test, a petitioner must show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694. Where a petitioner alleges ineffective assistance of counsel in connection with a plea agreement, the petitioner must demonstrate that "but for counsel's errors, he would not have pled guilty but rather would have gone to trial." *Neef v. Heredia*, No. 09-2200, 2010 WL 286562, at *2 (10th Cir. Jan. 26, 2010) (unpublished) (citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)); *see also United States v. Abston*, No. 10-5091, 401 Fed. Appx. 357, 362 (10th Cir. Nov. 5, 2010) (unpublished).

In addition, when a petitioner's allegation of ineffective assistance of counsel is predicated on a failure to move to suppress an incriminating statement, he must prove "that there is merit to his contention that his incriminating statements should have been suppressed."  *Dowell*, 388 Fed. Appx. at 783-84 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

### B. Trial Counsel's Performance

Petitioner alleges that he was denied effective assistance of counsel because Mr. Loonam failed to file a motion to suppress Petitioner's incriminating statements. (CV Doc. 9 at 4). As a result, Petitioner argues that he pled to a harsher offense than he otherwise would have pled to, and received a harsher sentence. (*Id.*). Petitioner further argues that Mr. Loonam provided ineffective assistance by allowing him to enter a plea agreement in which Petitioner waived his right to appeal. (*Id.*).

Respondent contends that the record reflects that Mr. Loonam considered suppression issues in this case, and found no meritorious arguments. (CV Doc. 19 at 5). Therefore, Respondent argues, Petitioner did not receive ineffective assistance of counsel. In addition, Respondent asserts that Petitioner already challenged the waiver of his right to appeal in a direct appeal, which was dismissed by the Tenth Circuit. (CV Doc. 19 at 4-5).

#### 1. Trial Counsel's Failure to File a Motion to Suppress

Petitioner argues that Mr. Loonam was constitutionally ineffective because he failed to file a motion to suppress Petitioner's incriminating statements. (CV Doc. 9 at 4). Respondent contends Petitioner has failed to demonstrate either deficient performance or the requisite prejudice resulting from that performance. (CV Doc. 19 at 4). Specifically, Respondent argues that Petitioner cannot show that Mr. Loonam's performance in connection with the motion to suppress was deficient. (CV Doc. 19 at 5-6). Respondent further asserts that Petitioner has failed to allege facts that, if true, would meet both prongs of the *Strickland* test for ineffective assistance of counsel. (CV Doc. 19 at 6-7). Respondent argues that, as a result, this matter should be decided on

the Petition, files, and records of this case, as there is no need to hold an evidentiary

hearing. (*Id.*).

> a. *Whether Trial Counsel's Failure to File a Motion to*
>    *Suppress Rendered His Performance Deficient*

Petitioner argues that Mr. Loonam should have filed a motion to suppress

incriminating statements he had made to law enforcement. (CV Doc. 9 at 4).

Respondent contends that Mr. Loonam considered suppression issues, had determined

that there were no meritorious grounds for suppressing Petitioner's statements, and

therefore did not file a motion to suppress. (CV Doc. 19 at 5-6).

In determining whether counsel's performance falls below an objective standard

of reasonableness, "counsel should be strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment." *United States v. Rushin*, 642 F.3d 1299, 1307 (10th Cir. 2011) (internal

citations and quotations omitted). "'Strategic or tactical decisions on the part of counsel

are presumed correct, unless they were completely unreasonable, not merely wrong, so

that they bear no relationship to a possible defense strategy.'" *United States v. Jordan*,

No. 13-3033, 516 Fed. Appx. 681, 682 (10th Cir. June 5, 2013) (unpublished) (citing

*Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001)). Accordingly, "to overcome the

presumption of objective reasonableness, 'the defendant [has] the burden of showing

that counsel's action or inaction was not based on a valid strategic choice.'" *United*

*States v. Cervantes*, No. 07-2167, 267 Fed. Appx. 741, 743 (10th Cir. Feb. 27, 2008)

(unpublished) (citing *Bullock v. Carver,* 297 F.3d 1036, 1047 (10th Cir.2002)).

Here, Petitioner alleges that he had been compelled to confess to law

enforcement in violation of his constitutional rights, and that, when he asked Mr.

Loonam to suppress the confession, Mr. Loonam advised that there was no legal basis to suppress the statements. (Doc. 9 at 4). Petitioner contends that this advice was "legally incorrect." (*Id.*). However, Petitioner has not provided the Court with any facts to suggest Mr. Loonam's advice was legally incorrect. Moreover, even assuming Mr. Loonam's advice was incorrect, "to show deficient performance, [Petitioner] must show that his counsel's performance was 'completely unreasonable, not merely wrong.'" *United States v. Eaton*, No. 00-6454, 20 Fed. Appx. 763, 768 (10th Cir. Sept. 20, 2001) (unpublished) (citing *Hoxsie v. Kerby,* 108 F.3d 1239, 1246 (10th Cir. 1997)). Petitioner has alleged no facts which, taken as true, suggest that Mr. Loonam's performance in failing to file a motion to suppress was completely unreasonable.

Without additional factual allegations that Mr. Loonam's performance in connection with Petitioner's incriminating statements was objectively unreasonable, Petitioner fails to state a viable claim. *Jordan*, 516 Fed. Appx. at 682. The Court notes that "'although we must liberally construe [d]efendant's pro se petition, we are not required to fashion [d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.'" *Id.* at 682 (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)).

Moreover, as Respondent argues, a review of the record reveals that Mr. Loonam had considered suppression arguments, and decided that there was no meritorious basis to make such a claim. This issue was discussed in two hearings in Petitioner's underlying criminal case. Indeed, Judge Browning denied Petitioner's request for new counsel, but allowed a second attorney to consult with Petitioner and address his concerns. (*See* CR Doc. 48). Petitioner met with another attorney, Assistant

Federal Public Defender, Susan Dunleavy, on June 23, 2011 to review his entire case,

his pro se filings, the presentence report, and the Plea Agreement.[5] (CR Doc. 51 at 2).

At a subsequent hearing to determine counsel on October 3, 2011, Mr. Loonam

explained to the Court that he and Ms. Dunleavy had discussed the issues that were

raised in Petitioner's pro se filings, and confirmed that the steps taken in the case were

in Petitioner's best interest. (CR Doc. 211-3 at 4-5). Petitioner does not dispute that he

discussed the suppression issues with two attorneys, and admits that his attorney

explained to him that there was no legal basis for a motion to suppress. (CV Doc. 9 at

4).

The record establishes that Mr. Loonam and another attorney in his office

considered the suppression issues in Petitioner's case, and they both agreed that it was

not in Petitioner's best interest to challenge those issues. Petitioner has not presented

any facts that suggest otherwise. Therefore, Petitioner has failed to meet his burden of

rebutting the presumption that counsel acted objectively reasonable. As a result, this

Court finds that Petitioner has failed to satisfy the first prong of the *Strickland* standard.

> b. *Whether Petitioner Was Prejudiced by Trial Counsel's*
> *Deficient Performance*

Even assuming that counsel's performance fell below an objective standard of

reasonableness, Petitioner also fails to demonstrate that any deficient performance

prejudiced his defense. Petitioner argues that as a result of Mr. Loonam's failure to file a

motion to suppress his incriminating statements, Petitioner pled to a harsher offense

than he otherwise would have pled to, and that he received a harsher sentence. (CV

---

[5] Petitioner filed a letter with the Court, (CR Doc. 46 at 1), on May 15, 2011, and a pro se *Motion to Suppress*, (CR Doc. 49), on June 8, 2011, in which he seeks to suppress statements made to law enforcement.

Doc. 9 at 4). Respondent does not specifically respond to this argument, and argues generally that Petitioner has failed to demonstrate either deficient performance or requisite prejudice under the *Strickland* test. (CV Doc. 19 at 4).

To establish prejudice under the *Strickland* test, a petitioner must show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Where a petitioner alleges ineffective assistance of counsel in connection with a plea agreement, the petitioner must demonstrate that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "[A] petitioner's 'mere allegation' that he would have insisted on trial but for counsel's errors, although necessary, is insufficient to entitle him to relief." *Miller*, 262 F.3d at 1072 (citing *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)). Courts also look to the factual circumstances surrounding the plea to determine whether a petitioner would have proceeded to trial. *Id.*

Here, Petitioner asserts that, had Mr. Loonam filed the motion to suppress, he would have pled guilty to a lesser offense and would have recevied a lesser sentence. (CV Doc. 9 at 4). Petitioner does not even allege that, but for Mr. Loonam's failure to file a motion to suppress, he would have insisted on proceeding to trial.

Further, the factual circumstances surrounding the plea do not suggest that Petitioner would have proceeded to trial. *See Miller*, 262 F.3d at 1072. Indeed, as the District Court has already noted, at the plea hearing before former United States Chief Magistrate Judge Richard L. Puglisi, Petitioner acknowledged that a jury would have found him guilty if he proceeded to trial. (Doc. 100 (citing Federal Tape Recorder at

12:14:22-12:16:04)). Petitioner has not provided the Court with any other factual allegations suggesting he would not have pled guilty and would have insisted on going to trial. (CV Doc. 9 at 4).

Lastly, Petitioner does not allege any facts which suggest that the motion to suppress would have been meritorious. *See Jordan*, 516 Fed. Appx. at 682 (finding the petitioner's conclusory allegations that his attorneys were ineffective in failing to present a Fourth Amendment claim insufficient where petitioner failed to present any facts to suggest there was a meritorious Fourth Amendment challenge). Again, while the Court notes that Petitioner's pro se filings are to be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110).

In conclusion, even assuming that Mr. Loonam's performance was deficient under the first prong of *Strickland*, Petitioner does not allege sufficient facts to demonstrate that, but for Mr. Loonam's failure to file the motion to suppress, the result of this proceeding would have been different.  Therefore, Petitioner also fails to meet the second prong of the *Strickland* test for ineffective assistance of counsel.

### 2. *Trial Counsel's Performance in Connection with the Appellate Waiver*

Petitioner also states that he was denied effective assistance of counsel because Mr. Loonam allowed him to enter a plea agreement waiving his right to appeal. (CV Doc. 9 at 4). Respondent contends Petitioner has already challenged the appellate

waiver in the plea agreement on his direct appeal of the District Court's denial of his motion to withdraw his guilty plea. (CV Doc. 19 at 4-5). Respondent maintains that Petitioner should not be afforded an opportunity to relitigate this claim. (*Id.*).

However, in Petitioner's direct appeal, the Tenth Circuit did not consider whether trial counsel was ineffective in allowing Petitioner to enter a plea agreement waiving his right to appeal. *Yazzie*, 572 Fed. Appx. at 663-64 (stating that Petitioner argues only that the appeal waiver is otherwise unlawful, not that he received ineffective assistance of counsel). Instead, the *Yazzie* Court dismissed Petitioner's appeal because Petitioner had failed to demonstrate that the appellate waiver was "otherwise unlawful." *Yazzie*, 572 Fed. Appx. at 664. As a result, the Court does not consider Petitioner's claim to be an attempt to relitigate what has already been decided on direct review.

That being said, Petitioner does not provide any additional factual allegations surrounding the circumstances in which he entered the plea agreement or the appellate waiver. Instead, he supports this claim by stating that he received ineffective assistance of counsel based on Mr. Loonam's failure to file a motion to suppress. (CV Doc. 9 at 4). Therefore, the Court construes the Petition to allege that, but for Mr. Loonam's failure to file a motion to suppress, Petitioner would not have entered a plea agreement in which he waived his rights to appeal. *See Hall*, 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally…"). In light of the discussion above, Petitioner has not demonstrated that he received ineffective assistance of counsel because of Mr. Loonam's failure to file a motion to suppress his incriminating statements. Therefore, Petitioner has not sufficiently alleged that he was denied effective assistance of counsel because Mr. Loonam allowed him to enter a plea agreement waiving his right to appeal.

12

## IV.    Recommendation

For the reasons discussed above, the Court finds that Petitioner has failed to allege that he was denied effective assistance of counsel in violation of his Sixth Amendment rights based on Mr. Loonam's failure to file a motion to suppress his incriminating statements. Because the motions, files, and records conclusively show that Petitioner is not entitled to any relief, the Court will not hold a hearing in this case. *See* 28 U.S.C. § 2255(b). Therefore, the Court **RECOMMENDS** that Petitioner Willis Yazzie's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, (CV Doc. 9), be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE