IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIS YAZZIE,

      Petitioner,

v.                                                                           No. CIV 14-0894 JB/CG
                                                                                    CR 10-1761 JB

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 22, 2015 (CV Doc. 21)("PFRD"). In the PFRD, the Honorable Carmen E. Garza, United States Magistrate Judge for the District of New Mexico, concluded that Petitioner Willis Yazzie has failed to demonstrate that he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment to the Constitution of the United States of America and recommended that the Court dismiss with prejudice his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed February 10, 2015 (CV Doc. 9)("Petition").[1]

Judge Garza notified the parties that written objections to the PFRD were due within fourteen days. See PRFD. Yazzie filed an Affidavit on August 3, 2015 (CV Doc. 22)("Objections"). After a de novo review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

---

[1] The Court refers to documents from case No. CIV 14-0894 JB/CG as "CV Doc. ___." The Court refers to documents from case number No. CR 10-1761 JB as "CR Doc. ___."

## **PROCEDURAL BACKGROUND**

Yazzie is incarcerated at the Federal Correctional Institute in Big Spring, Texas.  See Petition at 1, 15.  On February 9, 2011, pursuant to a Plea Agreement, filed February 9, 2011 (CR Doc. 38), Yazzie plead guilty to an Information, filed February 9, 2011 (CR Doc. 35), charging him with aggravated sexual abuse.

Before entering his plea, Yazzie filed several motions seeking a new attorney based on various grounds.  See Letter from Willis Yazzie to the Court (dated November 8, 2010), filed November 12, 2010 (CR Doc. 25); Defendant's Motion to Dismiss James Loonam as his Attorney (dated November 12, 2010), filed November 15, 2010 (CR Doc. 26); Defendant's Motion to Dismiss James Loonam as his Attorney (dated December 29, 2011), filed January 5, 2011 (CR Doc. 31); Letter from Willis Yazzie to the Court (dated January 17, 2011), filed January 21, 2011 (CR Doc. 32).  Yazzie then indicated that he wished to retain trial counsel.  See Letter from Willis Yazzie to the Court (dated January 26, 2011), filed January 26, 2011 (CR Doc. 34).  Yazzie subsequently pled guilty on February 9, 2011.  See Plea Agreement, filed February 9, 2011 (CR Doc. 38).  James Loonam was his attorney during this time.

After entering his plea, Yazzie, pro se, again sent a letter to the Court, requesting new counsel on May 2, 2011.  See Letter from Willis Yazzie to the Court (dated May 2, 2011), filed May 2, 2011 (CR Doc. 43).  He also filed a Motion to Dismiss with Prejudice on May 25, 2011 (CR Doc. 47), and a Motion to Suppress on June 8, 2011 (CR Doc. 49).[2]  The Court held a hearing on May 19, 2011, regarding Yazzie's request for new counsel.  During that hearing, the Court denied Yazzie's request for new counsel, but allowed a second attorney to consult with

---

[2]The new counsel withdrew the Motion to Dismiss with Prejudice, filed May 25, 2011 (CR Doc. 47), and the Motion to Suppress, filed June 8, 2011 (CR Doc. 49).  See Defendant Willis Yazzie's Notice of Withdrawal of Certain Motions, filed August 17, 2012 (CR Doc. 77).

Yazzie and address his concerns.  See Memorandum Opinion and Order, filed June 7, 2011 (CR Doc. 48).  Mr. Loonam then filed a Motion to Determine Counsel, filed August 10, 2011 (CR Doc. 51)("Motion to Determine Counsel), which the Court heard on October 3, 2011.  See Clerk's Minutes Before the Honorable James O. Browning, filed October 3, 2011 (CR Doc. 53).  The Court granted Mr. Loonam's motion based on a breakdown of communication between Yazzie and Mr. Loonam, and the Court ordered the appointment of new counsel.[3]  See Memorandum Opinion and Order, filed October 6, 2011 (CR Doc. 54).  The Court entered Judgment on May 8, 2014 (CR Doc. 158), and, after a hearing, the Court sentenced Yazzie to a 188-month period of incarceration.  See Memorandum Opinion and Order at 33, filed May 7, 2014 (CR Doc. 152).

On October 3, 2014, Yazzie requested habeas review of his conviction pursuant to 28 U.S.C. § 2255, asking the Court to permit him to withdraw his guilty plea because Mr. Loonam was constitutionally ineffective based on his failure to file a motion to suppress Yazzie's incriminating statements.  See Petition at 4, 15.  Yazzie argued that, as a result, he pled to a more serious offense than he otherwise would have pled, and received a harsher sentence.  See Petition at 4.  Yazzie further argued that Mr. Loonam provided ineffective assistance by allowing him to enter a plea agreement in which Yazzie waived his right to appeal.  See Petition at 4.  The Court referred this matter to Judge Garza to conduct analysis, and to make findings of fact and a recommended disposition.  See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed October 6, 2014 (CV Doc. 2).  Judge Garza concluded that the Court should dismiss Yazzie's claim with prejudice, because Yazzie fails to demonstrate that he was denied effective assistance of counsel in violation of his Sixth Amendment rights.

---

[3]Mr. P. Jeffery Jones was appointed to represent Yazzie on October 7, 2011.

Specifically, after considering all of the evidence in the record, Judge Garza determined that Yazzie has not demonstrated that Mr. Loonam provided ineffective assistance of counsel either by failing to file a motion to suppress Yazzie's incriminating statements or by allowing Yazzie to enter a plea agreement in which Yazzie waived his right to appeal. See PFRD at 11, 12. Accordingly, Judge Garza recommended that the Court dismiss with prejudice all of Yazzie's claims for habeas relief. See PFRD at 13.

In the PFRD, Judge Garza explained that, to establish ineffective assistance of counsel, Yazzie must show that counsel's performance was deficient, because it fell below an objective standard of reasonableness, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and that counsel's deficient performance prejudiced him. See Strickland v. Washington 466 U.S. at 687. In determining whether counsel's performance falls below an objective standard of reasonableness, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." United States v. Rushin, 642 F.3d 1299, 1307 (10th Cir. 2011)(internal citations and quotations omitted). Indeed, "'[s]trategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy.'" United States v. Jordan, No. 13-3033, 516 F. App'x 681, 682 (10th Cir. June 5, 2013)(unpublished)[4](citing Moore v. Marr, 254 F.3d 1235, 1239 (10th Cir. 2001)).

---

[4]United States v. Jordan is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order has persuasive value with respect to

Upon review of the record, Judge Garza first found that, while Yazzie alleges that Mr. Loonam's advice had been "legally incorrect," Yazzie has not demonstrated that Mr. Loonam's failure to file a motion to suppress his incriminating statements had been objectively unreasonable.  In addition, Judge Garza notes that Mr. Loonam, along with another attorney, considered suppression arguments and decided that there was no meritorious basis to make such a claim.  As a result, Judge Garza concludes that Yazzie has failed to demonstrate that counsel was objectively unreasonable in failing to file a motion to suppress.

Yazzie then filed Objections, which the Court construes as Petitioner's objections to Judge Garza's findings.[5]  See Objections at 1-2.  In his Objections, Yazzie provides additional facts surrounding his conversations with Mr. Loonam regarding filing a motion to suppress in his case.  Yazzie suggests that these facts indicate Mr. Loonam's performance was deficient.  See Objections at 1.  Yazzie also states that Mr. Loonam told Yazzie's brother to tell Yazzie to take the plea offered to him.  See Objections at 1.  Finally, Yazzie describes his detention by tribal and federal law enforcement on May 10, 2010, and his subsequent confession.  See Objections at 2.  The United States has not responded to Yazzie's Objections.

---

a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court concludes that the following cases have persuasive force with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order: United States v. Jordan, No. 13-3033, 516 F. App'x 681 (10th Cir. June 5, 2013); United States v. Eaton, No. 00-6454, 20 F. App'x 763 (10th Cir. Sept. 20, 2001); and United States v. Hinson, No. 11-3286, 475 F. App'x 298 (10th Cir. Apr. 11, 2012).

[5]The Court must construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings that lawyers drafted.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## LAW REGARDING OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATIONS

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a Magistrate Judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. See Rule 8(b) of the Rules Governing § 2255 Proceedings. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. See Fed. R. Civ. P. 72(b).[6]

When resolving objections to a Magistrate Judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. See 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for de novo review by the district court or for appellate review. See United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

---

[6]The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. See Rule 12 of the Rules Governing § 2255 Proceedings.

## ANALYSIS

This Court agrees with Judge Garza's analysis. Yazzie does not identify any factual or legal errors in Judge Garza's reasoning. In his Objections, Yazzie continues to question whether Mr. Loonam's advice was legally correct, but he does not provide any facts that suggest Mr. Loonam's performance was objectively unreasonable. As Judge Garza stated in her PFRD, even assuming Mr. Loonam's advice was incorrect, "to show deficient performance, [Yazzie] must show that his counsel's performance was 'completely unreasonable, not merely wrong.'" United States v. Eaton, No. 00-6454, 20 F. App'x 763, 768 (10th Cir. Sept. 20, 2001)(unpublished)(citing Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997)). Even throughout his objections, Yazzie continues to maintain that he discussed the suppression issues with Mr. Loonam and that Mr. Loonam explained to him that there was no legal basis for a motion to suppress, and provides no facts which suggest that Mr. Loonam's performance was objectively unreasonable. See Objections at 1. The Court therefore also finds that Yazzie has not met his burden to demonstrate that Mr. Loonam's performance was constitutionally deficient.

Yazzie's additional factual allegations do not convince the Court to reach a different conclusion. Yazzie states that Mr. Loonam told his brother to tell him to take the plea offered to him. See Objections at 1. To the extent that Yazzie is alleging he was denied effective assistance of counsel based on these facts, Yazzie raises this argument for the first time in his Objections, and this argument is therefore deemed waived. Marshall v. Chater, 75 F.3d at 1426. See also United States v. Garfinkle, 261 F.3d at 1030-31 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In any case, the Court does not think these new facts add much to the ineffective assistance of counsel analysis.

It is clear that Mr. Loonam wanted Yazzie to take the plea offer; that he may have told Yazzie's brother that fact does not add anything to the analysis.

Similarly, Yazzie's factual allegations describing his detention by tribal and federal law enforcement on May 10, 2010, and his subsequent confession are insufficient to overcome the presumption that Mr. Loonam's decision not to file a motion to suppress was reasonable. Indeed, attorneys are afforded a "good deal of leeway under the *Strickland* standard." United States v. Hinson, No. 11-3286, 475 F. App'x 298, 303–04 (10th Cir. Apr. 11, 2012) (unpublished)(internal citations omitted). "In formulating a defense strategy, counsel is entitled to 'balance limited resources in accord with *effective* trial tactics and strategies,' or, in other words, to critically undertake a cost/benefit analysis of any proposed course of action." United States v. Rushin, 642 F.3d at 1308 (citing Harrington v. Richter, 562 U.S. 86, 89 (2011)(emphasis added)). The relevant question becomes whether Mr. Loonam's failure to file a motion to suppress, "if error at all, was an error 'so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" United States v. Rushin, 642 F.3d at 1308 (citing Harrington, 562 U.S. at 89).

Yazzie has provided facts challenging the lawfulness of his initial arrest to again suggest that his confession was unconstitutionally obtained and that Mr. Loonam's legal advice was incorrect. See Objections at 2. These facts do not, however, demonstrate that Mr. Loonam's failure to file a motion to suppress his confession was an error so serious that Mr. Loonam was not functioning as the "counsel" guaranteed Yazzie. As Judge Garza stated in the PFRD, the record shows that Mr. Loonam considered suppression arguments and had decided it was in Yazzie's best interest not to pursue them. See Redacted Transcript of Motion Hearing before the Honorable James O. Browning at 4–5, filed June 23, 2015 (CR Doc. 211-3). Furthermore,

Yazzie had been provided an opportunity to discuss the suppression issues with a second attorney who agreed with Mr. Loonam that pursuing those claims was not in Yazzie's best interest.  See Motion to Determine Counsel at 2.

As a result, the Court concludes that Yazzie has not met his burden to show that his counsel's performance was deficient because it fell below an objective standard of reasonableness.  The Court therefore agrees with Judge Garza's conclusion that Yazzie has not demonstrated that he received ineffective assistance of counsel and with her recommendation that the Court should dismiss the Petition with prejudice.

In conclusion, Yazzie has not pointed out any factual or legal errors in Judge Garza's analysis of the Petition's claims.  The Court concludes that Judge Garza conducted the proper analysis and correctly concluded that the Court should dismiss Yazzie's claims with prejudice.  The Court will therefore overrule Yazzie's objections.

**IT IS ORDERED** that the United States Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 22, 2015 (CV Doc. 21)("PFRD"), is adopted and the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed February 10, 2015 (CV Doc. 9)("Petition"), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Willis J. Yazzie
Big Spring, Texas

      *Plaintiff pro se*

Jacob Wishard
Assistant United States Attorney
Albuquerque, New Mexico

*Attorney for the Defendant*