IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIS YAZZIE,

       Petitioner,

v.                                                          CV 14-0894 JB/CG
                                                           CR 10-1761 JB

UNITED STATES OF AMERICA,

       Respondent.

**ORDER DENYING MOTION FOR DISCOVERY**

**THIS MATTER** is before the Court on Petitioner Willis Yazzie's *Motion for Discovery and Inspection*, (Doc. 35), filed on July 11, 2016. In the Motion, Petitioner requests an order to permit discovery of "[a]ll written or recorded statements made by the defendant . . . [and] [t]he substance of all oral statements which the prosecution intends to offer in evidence made by the defendant . . . ." (CV Doc. 35 at 1).

In support, Petitioner cites to the Federal Rules of Criminal Procedure for the proposition that he is entitled to the requested discovery. However, given that Petitioner's criminal case has been closed, and his request for discovery comes in the context of his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("Petition"), (CV Doc. 9), the Court must apply the Rules Governing Section 2255 Proceedings for the United States District Courts.

Under the Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Good cause is established "'where specific allegations before the court show

reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Nubine v. Martin*, No 98-6418, 189 F.3d 478, at *1 (10th Cir. Aug. 24, 1999) (unpublished) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).

As grounds for Petitioner's request, Petitioner explains that he originally sought to have his conviction and sentence vacated for ineffective assistance of counsel, because his trial counsel failed to file a motion to suppress statements Petitioner made to federal agents after he was allegedly illegally arrested. (Doc. 35 at 1). Petitioner now asks for the described materials in order to make a showing that he was, in fact, illegally arrested. (*Id.*).

However, as explained by this Court in its *Proposed Findings and Recommended Disposition*, (Doc. 21), the issue here is not whether Petitioner was actually illegally arrested, but rather whether he received ineffective assistance of counsel. To that end, Petitioner must show that his trial counsel's performance was deficient, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In doing so, Petitioner "must show that his counsel's performance was 'completely unreasonable, not merely wrong.'" *United States v. Eaton*, No. 00-6454, 20 Fed. Appx. 763, 768 (10th Cir. Sept. 20, 2001) (unpublished) (citing *Hoxsie v. Kerby,* 108 F.3d 1239, 1246 (10th Cir. 1997)).

Based on the record in this case, and for the reasons set forth in the Court's *Proposed Findings and Recommended Disposition*, (Doc. 21), and adopted in United States District Judge James O. Browning's *Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 23),

Petitioner's allegations are insufficient to give the Court reason to believe that Petitioner could demonstrate that he received ineffective assistance of counsel if only he had access to the requested information. Thus, the Court finds that ordering Respondent to produce the discovery Petitioner requests would not entitle him to relief, and concludes that Petitioner has not established good cause for ordering discovery in this case.

**IT IS THEREFORE ORDERED** that Petitioner's *Motion for Discovery and Inspection*, (Doc. 35), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE