# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                               No. CR 10-1761 JB
                                                                               No. CIV 18-0206 JB/GBW

WILLIS J. YAZZIE,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 1, 2018 (Doc. 231)("Motion"). The Court dismisses the Motion as a second or successive motion under 28 U.S.C. § 2255 that Defendant/Movant Willis J. Yazzie filed without the United States Court of Appeals for the Tenth Circuit's authorization.

## FACTUAL AND PROCEDURAL BACKGROUND

Yazzie pled guilty and was sentenced to 188 months of imprisonment for aggravated sexual abuse in Indian Country in violation of 18 U.S.C. § 1153. See Plea Agreement, filed February 9, 2011 (Doc. 38); Judgment in a Criminal Case, filed May 8, 2014 (Doc. 158)("Judgment"). Yazzie filed his first, handwritten, motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on October 3, 2014. See Motion to Vacate Under 28 U.S.C. 2255, filed October 3, 2014 (Doc. 195)("First Motion"). In his First Motion, Yazzie sought to have his sentence set aside on the grounds of ineffective assistance of counsel. See First Motion at 1-2. The Court entered a Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and

Recommended Disposition, filed October 31, 2015 (Doc. 215)("MOO"), adopting the Magistrate Judge's Proposed Findings and Recommended Disposition and dismissing Yazzie's First Motion on October 31, 2015. See MOO at 9. In its MOO, the Court concluded that Yazzie had failed to show that he received ineffective assistance of counsel during his criminal trial and denied Yazzie a certificate of appealability. See MOO at 4, 7-9. Yazzie then sought a certificate of appealability from the Tenth Circuit. See Notice of Appeal, filed November 9, 2015 (Doc. 216). The Tenth Circuit denied a certificate of appealability, determining that the Court was correct in concluding that Yazzie had failed to demonstrate ineffective assistance of counsel. See Order Denying Certificate of Appealability, filed February 4, 2016 (Doc. 223).

In his Motion, Yazzie contends that the Court should not have "summarily" rejected his ineffective assistance of counsel argument and seeks to raise the same grounds for a second time. See Motion at 4.

## **THE LAW GOVERNING SECOND OR SUCCESSIVE § 2255 MOTIONS**

The statutes governing federal habeas corpus proceedings provide:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2241(a).

Section 2255 states that, in accordance with § 2244, a Court of Appeals panel must certify a second or successive motion to contain: (i) newly discovered evidence that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the

movant guilty of the offense; or (ii) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on the Supreme Court of the United States' collateral review. See 28 U.S.C. § 2255(h). Section 2244 requires that, before the movant files a second or successive application in the district court, the applicant shall move the appropriate Court of Appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3).

A district court lacks jurisdiction to consider a second or successive motion absent the requisite authorization. When a movant files a second or successive § 2255 motion in the district court without a Court of Appeals' required authorization, the district court may dismiss or may transfer the matter to the Court of Appeals under 28 U.S.C. § 1631 if it determines that it is in the interest of justice to transfer. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

## ANALYSIS

Yazzie filed his First Motion arguing ineffective assistance of counsel. See First Motion at 1-2. The Court dismissed the First Motion on the merits. See MOO at 9. Despite the Tenth Circuit's agreement with the Court's dismissal, Yazzie seeks to reargue the ineffective assistance issue for a second time. See First Motion at 1, Motion at 2. Yazzie contends that the Court should not have "summarily" dismissed his First Motion, and the Court should permit him to obtain discovery and have a hearing on his ineffective assistance of counsel claim. See Motion at 4.

Yazzie's Motion does not present any newly discovered evidence or raise a new rule of constitutional law. See Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995). Instead, Yazzie seeks to reargue the same issue that the First Motion presents. Yazzie has not

obtained and likely could not obtain Tenth Circuit authorization to proceed under § 2255 on an issue that he has already raised and that two federal courts have adjudicated against Yazzie. See 28 U.S.C. §§ 2244(b)(3), 2255(h).  Yazzie's Motion is a second or successive § 2255 motion that he filed without the requisite authorization.

Yazzie has filed his Motion without authorization from a Court of Appeals as § 2244(b)(3)(A) requires.  The Court lacks jurisdiction to consider his Motion absent the requisite authorization.  When a movant files a second or successive § 2255 motion in the district court without a Court of Appeals' required authorization, the district court may dismiss or may transfer the matter to the court of appeals if it determines, under 28 U.S.C. § 1631, that it is in the interest of justice to transfer.  See In re Cline, 531 F.3d at 1252.  Because Yazzie has already made his ineffective assistance of counsel argument, and the Tenth Circuit has approved the Court's determination that his argument is insufficient to obtain § 2255 relief, the Court concludes that it is not in the interest of justice to transfer this matter to the Tenth Circuit.  The Court will dismiss his Motion based on lack of jurisdiction.

**IT IS ORDERED** that: (i) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 1, 2018 (Doc. 231), is dismissed without prejudice; and (ii) the Motion Pursuant to 18 U.S.C. § 3143(b) Release Pending Appeal by Petitioner, filed August 6, 2018 (Doc. 235), and the Motion for Discovery, filed November 29, 2018 (Doc. 236), are denied as moot in light of the dismissal of the Motion.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

John C. Anderson
  United States Attorney
Kyle T. Nayback
Jennifer M. Rozzoni
Glynette R. Carson-McNabb
Thomas Aliberti
Jacob Alan Wishard
  Assistant United States Attorneys
United States Attorneys Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff/Respondent*

Willis J. Yazzie
Federal Correctional Institution
Big Spring, Texas

    *Defendant/Movant pro se*